UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JAVIER M. MALDONADO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12 CV 501 |
| | ) |
| **CORRECTIONAL HEALTH INDIANA,** | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Javier M. Maldonado, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 10.) Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Maldonado alleges that while he was housed at the Lake County Jail as a pretrial detainee, he was given the "wrong contact solution" by an unknown person, which caused injury to his eye. Specifically, he alleges that in June 2012, he was given a container of contact solution with his name on it by a medical assistant named "Monik," whose last name he does not know. The following day he rinsed his contacts in the solution, and when he put his left contact in his eye began to burn. He took the contact out and rinsed his eye with cold water. He then called for help, and Officer Dennis, whose first name is unknown, responded to his call. The officer immediately summoned a member of the medical staff, who Maldonado knew as "Angie." After listening to his account, she told him to rinse his eye with cold water. She suggested that perhaps he was allergic to a certain type of contact solution. Later that day his eye was still burning and itching, so he called out to an unknown correctional officer, who responded by getting a nurse, Gloria Hayes. He does not describe what occurred when Nurse Hayes arrived, other than that she told him she had heard about what happened. She told him she had looked into the situation and discovered that "one of the medical assistant females gave me the wrong contact solution." She also told him she had written a report about the incident.

Maldonado does not provide any detail about subsequent events pertaining to his eye, such as whether he made further requests for medical care or received further care at the jail. He states only, "Later about 3 months I went to see a[n] eye specialist in Gary, Indiana, where the Dr. told me I had a chemical burn to my left eye so forth."

Based on the above, Maldonado is suing Correctional Health Indiana ("CHI"), the company that oversees medical care at the jail "for pain and suffering to my left eye due to their error." He also sues CHI for the "delay" in sending him to the doctor. Finally, he sues over an alleged delay by Officer Dennis in giving him a grievance form so he could complain about this incident.

Because Maldonado was a pretrial detainee when these events occurred, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. This is a high standard. To be deliberately indifferent, "the defendant must have known that the

plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Incompetence, negligence, or even gross negligence does not suffice. *Ortiz v. Webster*, 655 F.3d 731, 736 (7th Cir. 2011); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

Inmates are also entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer,* 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Again, negligence or even medical malpractice do not suffice, because "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). When an inmate

4

has received some form of treatment for a medical condition, to establish deliberate indifference he must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.* Furthermore, inmates are not entitled to demand specific medical treatment, nor are they entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Maggert v. Hanks*, 131 F.3d 670, 671-72 (7th Cir. 1997) ("A prison is not required by the Eighth Amendment to give a prisoner care that is as good as he would receive if he were a free person, let alone an affluent free person.").

The Court notes at the outset that Maldonado has been afforded both time and opportunity to adequately set forth his claims. His original complaint, filed in November 2012, was struck due to numerous deficiencies, and since that time the Court has instructed him in detail on more than one occasion what he must do to state a claim. (*See* DE # 3, 5, 7, 9.) Despite this, in the present complaint, Maldonado has failed to allege a plausible constitutional claim against any defendant. The only named defendant is CHI, and it is apparent that he is trying to hold the company liable as the employer of the jail medical staff involved in this incident. A private company may be held liable for constitutional violations when it performs a state function, *see West v. Atkins*, 487 U.S. 42 (1988), but there is no general supervisory liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Thus, CHI cannot be held liable simply because it employs the medical staff involved in this incident. A private company performing a state function can also be held liable to the same extent

5

as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at prison). However, Maldonado does not allege, nor can it be plausibly inferred, that CHI had an unconstitutional practice or policy that caused his injury. In short, he has not alleged a plausible claim against the sole named defendant.

Maldonado also mentions several individuals in the narrative section of the complaint, but does not list them as defendants, nor does he provide summons forms for any of these individuals, despite being instructed that he must do so in order to proceed against them in this lawsuit. (DE #3.) Even if he were trying to sue these individuals, he has not alleged conduct approaching deliberate indifference on their part. As recounted above, he claims that a medical assistant named "Monik" gave him the wrong contact solution, but there is nothing from which it can be plausibly inferred that she did so for the purpose of injuring him, or with deliberate indifference to his health or safety. At most, Maldonado has alleged that she was negligent in giving him a different solution than he needed, or perhaps in failing to ensure that he was not allergic to the type of solution she gave him. But negligence, even gross negligence, does not give rise to a constitutional claim. *Ortiz,* 655 F.3d at 736.

As for the other individuals mentioned, the complaint makes clear that Officer Dennis and the unknown correctional officer acted appropriately by summoning medical assistance when Maldonado told them his eye was burning. As non-medical

6

staff, they were entitled to defer to medical staff regarding the appropriate treatment for Maldonado's injury. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Shortly after this incident occurred, the nurse he refers to as Angie told him to rinse his eye with water, and there is nothing from which it can be plausibly inferred that her advice was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751. Nor is there anything to indicate she had further involvement in his medical care. Regarding Nurse Hayes, Maldonado does not allege that she did anything wrong; instead his allegations reflect that when she learned about the incident, she investigated to determine how he had been given the wrong solution. He has not alleged a plausible claim of deliberate indifference against Nurse Hayes.

Maldonado also alleges that he did not see a specialist until three months after this incident, and a delay in providing proper medical care can be actionable under the Eighth Amendment. *Arnett*, 658 F.3d at 752-53. However, there is nothing in the complaint from which it can be plausibly inferred that he made requests for care which were ignored, that anyone at the jail had knowledge of his need to see a specialist, or that jail staff consciously disregarded a risk to his health and safety. He also does not describe any injury that resulted from the alleged delay in seeing a doctor.[*] Although it

---

[*] In another of Maldonado's filings, he states that this incident caused him "pain and suffering for about 8 days," and dry eyes in the morning for some period after that. (DE #8 at 1.)

is unfortunate this incident occurred, and that Maldonado suffered pain as a result, he has not alleged a plausible constitutional claim in his complaint.

He may have some claim available under state law for the injury to his eye, and this opinion does not purport to adjudicate any such claim. The Court will dismiss any state law claims contained in the complaint without prejudice should he wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The Court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

As a final matter, Maldonado also claims that jail staff improperly delayed in giving him a grievance form. While such action could provide grounds for excusing the exhaustion requirement under 42 U.S.C. § 1997e(a), the Court cannot discern how this presents an actionable constitutional claim. A state's prison grievance procedure does not give rise to any interest protected by the Due Process Clause. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). Inmates do have a First Amendment right of access to the courts, but it is not an "abstract, free-standing right," and only if the defendant's conduct prejudices a potentially meritorious claim has the right of access to the courts been infringed. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, an inmate must "spell out" in at least some detail

the connection between the denial of access to legal documents or other materials and a resulting prejudice to a potentially meritorious legal claim. *Marshall*, 445 F.3d at 968.

Maldonado does not do so here. The only potential claim he identifies is the one raised in this lawsuit, and his case is not being dismissed for any reason related to the delayed grievance. *See Antonelli,* 81 F.3d at 1430 (inmate's ability to file current lawsuit demonstrated that his right of access to the courts had not been unlawfully infringed); *see also Jacobs v. Gerber,* 403 FED. APPX. 67, 69 (7th Cir. Nov. 4, 2010) (prisoner failed to state First Amendment claim based on improper denial of grievance forms, where he did not identify any lawsuit that was dismissed for failure to exhaust). Accordingly, this claim must be dismissed.

For these reasons, the federal claims contained in the complaint (DE # 10) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

**SO ORDERED.**

Date: July 24, 2013

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT